IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAYD CHARLES MITCHELL,

                      Plaintiff,

   v.

JIM DOYLE, SCOTT WALKER,
MATTHEW J. FRANK, RICK REAMISCH,
GARY H. HAMBLIN, EDWARD F. WALL,
CHARLES TUBBS, MARGARETT CARPENTER,
JOHN PAQUIN, JON EREADA, LORI MCALLISTER,
PAUL WESTERHAUS, KEVIN SUNDA, B. GUSTKE,
MARK BYE, MATT THIELER, RICK PETERSON,
BRUCE MEYERS, MICHAEL MIESNER,
DAVID TARR, CAPTAIN TETZLAFF,
CAPTAIN HOCH, CAPTAIN KELLER, N. BIER,
BRAD HOMPE, JON E. LITSCHER,
CHRIS O'DONNELL, TAMMY KETTENHOVEN, and
SARAH PRICE,

                      Defendants.

OPINION & ORDER

18-cv-311-jdp

---

      Plaintiff Shayd Charles Mitchell, appearing pro se, is a prisoner currently housed at the Redgranite Correctional Institution. He has filed this civil lawsuit under 42 U.S.C. § 1983, alleging that a member of the Lincoln Hills School staff sexually assaulted him several times during his time as a detainee there. Mitchell seeks leave to proceed *in forma pauperis* and he has made an initial partial payment of the filing fee as previously directed by the court.

      The next step is for me to screen Mitchell's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. I must read Mitchell's pro se complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam). With these principles in mind, I conclude that Mitchell

has waited too long to bring his claims, so they are likely barred by the applicable statute of limitations. But I will give him a chance to explain why I should not dismiss the case as time barred.

ALLEGATIONS OF FACT

Plaintiff Shayd Charles Mitchell was detained at the Lincoln Hills School, in Irma, Wisconsin, from December 2004 to May 2006, February to June 2007, and December 2009 to February 2011.[1] During his detention, defendant Bruce Meyers, a staff member holding the position "Youth Counsel 3," raped him several times, starting in 2005. As Mitchell grew older and more capable of resisting, Meyers put sedatives in his bedtime snacks to make it easier to assault him. On one occasion, Mitchell woke to find Meyers raping him. Meyers hit him so hard that he again lost consciousness.

Mitchell names numerous of Meyers's supervisors, high-level DOC staff, and state of Wisconsin officials as defendants, saying that they either knew or should have known that Meyers was dangerous and that the conditions at Lincoln Hills were unsafe.

In 2017 and 2018, Mitchell reported the sexual assaults to Department of Corrections officials, but they either ignored him, delayed in responding to him, or told others not to cooperate with him. Ultimately, the internal investigation was closed because the Lincoln County Sheriff was conducting his own investigation.

---

[1] Mitchell's page on the state of Wisconsin's "Offender Locator" website states that his birth year is 1990, which means that he was a juvenile for the earlier part of his time at Lincoln Hills, but not all of it. *See* https://appsdoc.wi.gov/lop/. But without more information, I will assume that he was detained at Lincoln Hills under a juvenile-court adjudication for the entire time.

ANALYSIS

Mitchell's allegations are very serious and would state claims against Meyers and those who knew about sexual abuse at Lincoln Hills and did nothing to stop it. But there is a fatal flaw with his allegations: it is clear that the sexual assaults occurred between 2005 and 2011, which immediately prompts me to consider the applicable statute of limitations. A statute-of-limitations defense is an affirmative defense, but a district court may dismiss a complaint if a party pleads enough information to show that the complaint is untimely. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir. 2002).

Section 1983 does not have a limitations period. Instead, "to determine the proper statute of limitations for § 1983 actions, a federal court must adopt the forum state's statute of limitations for personal injury claims." *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). This is so even where a state has a longer limitations period for sexual-assault-of-a-child claims. *See Woods v. Illinois Dep't of Children & Family Servs.*, 710 F.3d 762, 766–68 (7th Cir. 2013). Accordingly, I must apply Wisconsin's six-year statute of limitations for personal rights claims, Wis. Stat. § 893.53, not its significantly more generous statute for persons who are sexually abused as children, § 893.587.[2] Mitchell filed his complaint in April 2018. For his claims to be timely, they must have accrued—in other words, the statute of limitations must have started running—no earlier than April 2012.

---

[2] This statute gives a plaintiff like Mitchell until his thirty-fifth birthday to file a lawsuit about childhood sexual abuse. That is the statute that would apply if Mitchell chose to file a lawsuit containing state-law claims in the Wisconsin court system.

Although Wisconsin's limitation period applies, federal law governs when Mitchell's claims accrued. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (citing *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)). A § 1983 claim accrues "when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief[.]'" *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry and Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). Mitchell's claims for sexual and physical abuse appear to have accrued immediately after the assaults occurred. Although Mitchell does not pinpoint the exact date of the last sexual assault, he says he left Lincoln Hills in February 2011. Therefore, those claims appear to be time barred.[3]

Mitchell includes allegations about DOC staff ignoring or stonewalling his requests for a speedy investigation in 2017 or 2018, which are within the statute of limitations. But those allegations do not support constitutional claims in their own right. Meyers's alleged misconduct had already ended by the time these DOC officials failed to properly investigate the allegations, so he cannot bring a claim under a theory that they failed to protect him from harm. And the alleged mishandling or denial of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). A defendant who "rul[es] against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another

---

[3] Claims accruing when the plaintiff is a minor can receive an extension up to the plaintiff's twentieth birthday. *See* Wis. Stat. § 893.16 ("If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years . . . the action may be commenced within 2 years after [the person reaches 18.]"). But this statute does not help Mitchell because I take him to be saying that at least some of the assaults occurred after he turned 18, and even if they did not, Mitchell turned 20 in 2010, well before he filed this lawsuit.

4

guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007).

To save his claims regarding sexual and physical assault, Mitchell will need to explain how his complaint is timely. Unless he can show that any of the factual premises in this opinion regarding the timeline of events are incorrect, his only option is to make a case for equitable tolling.

"Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001). In the context of § 1983 claims, "the state, rather than the federal, doctrine of equitable tolling governs[.]" *Id.* at 596. Although Wisconsin case law on equitable tolling is sparse, it is clear that, as in *Shropshear*, tolling is available only when the plaintiff's failure to meet a filing deadline is out of the plaintiff's control or occurred despite the plaintiff's due diligence. *See, e.g., State ex rel. Griffin v. Smith*, 2004 WI 36, ¶ 38, 270 Wis. 2d 235, 677 N.W.2d 259 ("[p]rovided that the petitioners timely pursue relief," time limit for filing writ of certiorari is equitably tolled where counsel promises to file writ but fails to do so); *State ex rel. Nichols v. Litscher*, 2001 WI 119, 247 Wis. 2d 1013, 635 N.W.2d 292 (30-day deadline for petition for review tolled on date pro se prisoner delivers correctly addressed petition to proper prison authorities for mailing); *see also Winston v. Pamela H.*, No. 16-cv-610-jdp, 2016 WL 6808181, at *2 (W.D. Wis. Nov. 17, 2016) (equitable tolling did not apply to plaintiff alleging sexual abuse at Lincoln Hills 20 years before filing lawsuit). I will give Mitchell a chance to respond

to this order, explaining whether equitable tolling applies to his case, or whether there is some other reason to reconsider the discussion above regarding the statute of limitations.

ORDER

IT IS ORDERED that plaintiff Shayd Charles Mitchell may have until June 13, 2018, to show cause as to why the court should not dismiss this case as time barred.

Entered May 25, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge