# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

SHAYD CHARLES MITCHELL,

               Plaintiff,

    v.

JIM DOYLE, SCOTT WALKER,
MATTHEW J. FRANK, RICK REAMISCH,
GARY H. HAMBLIN, EDWARD F. WALL,
CHARLES TUBBS, MARGARETT CARPENTER,
JOHN PAQUIN, JON EREADA, LORI MCALLISTER,
PAUL WESTERHAUS, KEVIN SUNDA, B. GUSTKE,
MARK BYE, MATT THIELER, RICK PETERSON,
BRUCE MEYERS, MICHAEL MIESNER,
DAVID TARR, CAPTAIN TETZLAFF,
CAPTAIN HOCH, CAPTAIN KELLER, N. BIER,
BRAD HOMPE, JON E. LITSCHER,
CHRIS O'DONNELL, TAMMY KETTENHOVEN, and
SARAH PRICE,

               Defendants.

**OPINION & ORDER**

18-cv-311-jdp

---

Plaintiff Shayd Charles Mitchell, appearing pro se, is a prisoner currently housed at the Redgranite Correctional Institution. He filed this civil lawsuit under 42 U.S.C. § 1983, alleging that a member of the Lincoln Hills School staff sexually assaulted him several times during his time as a detainee there. In a May 25, 2018 order, I directed Mitchell to show cause why I should not dismiss the case because his claims about being sexually assaulted appeared to be outside the six-year statute of limitations. *See* Dkt. 6. He alleges that he left the Lincoln Hills School in February 2011, but he filed his complaint in April 2018.

Mitchell has responded, stating that he actually first placed his complaint in the prison mail stream in early March 2018, but it was rejected for no fault of his own due to incorrect calculation of postage by the prison, and returned to him after he was provided materials with

an incorrect address for the court. He also states that his juvenile placement that is the subject of this case was part of his placement in the Serious Juvenile Offender Program, running from December 2004 to March 2012. He says, "This means the State of Wisconsin, through its official representatives, held the responsibility of protecting me from harm during the entire time encompassing 12/21/2004 until 3/15/2012." Dkt 7.

Mitchell's statements about his mailing problems are enough to persuade me that equitable tolling might apply to that portion of the time. But I am not persuaded by his contention that his placement in the Serious Juvenile Offender Program matters for purposes of equitable tolling. If Mitchell means to say that he was in danger of being assaulted up to March 2012, that does not follow from his allegations, which state that he left the Lincoln Hills School in February 2011. None of his allegations suggest that he was actually in harm's way after he left the Lincoln Hills School, so he cannot maintain a claim against any defendant for failing to protect him during that time. Accordingly, I conclude that Mitchell's constitutional claims about being assaulted must be dismissed because they do not fall within the six-year statute of limitations for those claims. As I stated in the May 25 order, it is possible that Mitchell could still bring these claims in state court because Wisconsin has extended the statute of limitations for claims of childhood sexual abuse. *See* Wis. Stat. § 893.587 (plaintiff has until he turns 35 years old to bring claims regarding sexual assault).

Mitchell also alleged that DOC staff ignored or stonewalled his requests for a speedy investigation in 2017 or 2018. I explained to Mitchell that those allegations did not support constitutional claims in their own right because he was complaining about a completed act of misconduct that the investigators could no longer prevent. *See* Dkt. 6, at 4. Mitchell now says that he wishes to bring these claims under an equal protection theory because he believes that

the investigation took far longer than it should have. But he does not suggest that he was a member of a protected class, and his threadbare allegations that his investigation was improperly handled is not enough to state a "class of one" claim that he was singled out for mistreatment.

Because Mitchell fails to state any claims upon which relief might be granted that fall within the statute of limitations, I will dismiss the case. I will also assess him a "strike" under 28 U.S.C. § 1915(g). *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

ORDER

IT IS ORDERED that:

1. This case is DISMISSED. The clerk of court is directed to enter judgment for defendants and close the case.

2. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes" or dismissals for a filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

Entered July 12, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge