IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAYD CHARLES MITCHELL,

                Plaintiff,

  v.

JIM DOYLE, SCOTT WALKER,
MATTHEW J. FRANK, RICK REAMISCH,
GARY H. HAMBLIN, EDWARD F. WALL,
CHARLES TUBBS, MARGARETT CARPENTER,
JOHN PAQUIN, JON EREADA, LORI MCALLISTER,
PAUL WESTERHAUS, KEVIN SUNDA, B. GUSTKE,
MARK BYE, MATT THIELER, RICK PETERSON,
BRUCE MEYERS, MICHAEL MIESNER,
DAVID TARR, CAPTAIN TETZLAFF,
CAPTAIN HOCH, CAPTAIN KELLER, N. BIER,
BRAD HOMPE, JON E. LITSCHER,
CHRIS O'DONNELL, TAMMY KETTENHOVEN, and
SARAH PRICE,

                Defendants.

ORDER

18-cv-311-jdp

---

    Plaintiff Shayd Charles Mitchell, appearing pro se, is a prisoner currently housed at the Redgranite Correctional Institution. He filed this civil lawsuit under 42 U.S.C. § 1983, alleging that a member of the Lincoln Hills School staff sexually assaulted him several times during his time as a detainee there. In a May 25, 2018 order, I directed Mitchell to show cause why I should not dismiss the case because his claims about being sexually assaulted appeared to be outside the six-year statute of limitations. *See* Dkt. 6. He alleges that he left the Lincoln Hills School in February 2011, but he filed his complaint in April 2018.

    Mitchell explained that a mailing problem that was no fault of his own thwarted his attempt to file his complaint in early March 2018, which persuaded me that equitable tolling might apply to that portion of the time. Dkt. 8, at 2. But that was still not enough to bring his

claims within the six-year statute of limitations. Mitchell also stated that his juvenile placement that is the subject of this case was part of his placement in the Serious Juvenile Offender Program, running from December 2004 to March 2012, which meant that he faced the danger of being assaulted up until the end of that time. If he were truly in danger of further assault in March 2012, the tail end of his claims might have come within the six-year limitations period, assuming that I also granted him equitable tolling for his March 2018 mailing problems. But I concluded that Mitchell failed to show that he was in danger of further assault because he alleged that he left Lincoln Hills in February 2011, which removed him from the danger. *Id.* I dismissed the case as time barred. *Id.* at 3.

Now Mitchell has filed a motion for reconsideration of the dismissal, Dkt. 10, which I will construe as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59. He clarifies that his placement in the Serious Juvenile Offender Program until March 2012 exposed him to harm because he could have been sent back to Lincoln Hills under that program. But that allegation alone does not support an Eighth Amendment claim. He does not say that he was actually assaulted in March 2012, and to state a "failure to protect" claim, he would need to show that one of the named defendants knew of a "substantial risk" to him and acted with deliberate indifference to the risk. *See Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). A substantial risk is "so great" that it is "almost certain to materialize if nothing is done." *Id.* But the speculative risk that he could be sent back to Lincoln Hills is not significant enough to plausibly infer that there was a substantial risk of harm to him.

But Mitchell goes on to say that he was indeed transferred back to Lincoln Hills for weeklong periods in September 2011 and mid-March 2012. The mid-March 2012 period is key, because it is questionable enough whether a claim regarding this period would meet the

2

statute of limitations that I would not *sua sponte* dismiss the case on statute-of-limitations grounds. It is possible that at least some of his previous claims would also accrue within the six-year limitations period under the "continuing violation doctrine." *See Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001) ("A violation is called 'continuing,' signifying that a plaintiff can reach back to its beginning even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct.")

So Mitchell's Rule 59 motion potentially has merit. But there are significant pleading problems with his claims that he will need to fix before I can tell whether he has any claims that accrued within the six-year statute of limitations. Mitchell alleges that defendant Bruce Meyers physically and sexually assaulted him several times while Mitchell was at Lincoln Hills, up to February 2011. He also alleges that various supervisory officials knew that there were many assaults at the facility but did nothing to make the facility safer. But he does not specifically allege that any of these defendants knew about Meyers assaulting him or even that Meyers worked at Lincoln Hills during Mitchell's later weeklong stints there. Nor does he explain how frequent the assaults were at the facility more generally. So as it stands, his allegations are too vague to show that the supervisory defendants were aware of a substantial risk of harm to him. He needs to allege facts showing that officials knew that he faced a risk of harm almost certain to materialize if nothing is done. *See Heard v. Baldwin*, 732 F. App'x 472, 474 (7th Cir. 2018) ("We may assume that Pontiac officials know about the general risk of violence there and that they thus know that Heard too faces some risk of harm. Nevertheless, Heard has not adequately alleged that the risk of harm to him is substantial.").

I will give Mitchell a final opportunity to amend his complaint to explain each of the claims he seeks to bring. This includes the claims for the times he was returned to Lincoln Hills in September 2011 and March 2012. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. He should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) who committed those acts; and (4) what relief he wants the court to provide. In particular, he should explain what risk of harm he faced upon his return to Lincoln Hills, whether Meyers worked at Lincoln Hills then, and what each supervisory official knew about the risks he faced during the entire time he was housed there.

ORDER

IT IS ORDERED that plaintiff Shayd Mitchell may have until September 14, 2018, to respond to this order by filing an amended complaint that addresses the problems set forth in the opinion above.

Entered August 27, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge