IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SHAYD CHARLES MITCHELL,

                Plaintiff,

v.

BRUCE MEYERS, JON OURADA,
PAUL WESTERHAUS, BRUCE SUNDE,
MARK BYE, and MATT THIELER,

                Defendants.

OPINION AND ORDER

18-cv-311-jdp

Plaintiff Shayd Charles Mitchell, appearing pro se, alleges that a member of the Lincoln Hills School staff sexually assaulted him several times while he was a detainee there. He brings claims against the officer who assaulted him and supervisory officials for failing to protect him from the assaults. Several motions are now before the court.

## I. Proposed Second Amended Complaint

The court allowed Mitchell to proceed with his claims only after he submitted an amended complaint plausibly showing that he had claims accruing within the six-year statute of limitations applying to his allegations. *See* dkt. 16. Mitchell sought to amend his complaint yet again, filing a proposed second amended complaint attempting to add access-to-the-courts and conditions-of-confinement claims. Dkt. 28. Defendants opposed the proposed amendment.

After missing his reply deadline, Mitchell filed a motion asking to excuse the deadline because he mistakenly believed he had more time to file his reply and he had problems getting law library time. Dkt. 33. But he later followed with a motion withdrawing his proposed second amended complaint. Dkt. 61. So I'll consider the proposed amendment withdrawn and I'll deny his motion regarding his reply deadline as moot. Defendants have filed their own motion

to amend the schedule pending resolution of Mitchell's second amended complaint, dkt. 49, but they also filed a motion for summary judgment based on the claims in Mitchell's first amended complaint, the operative pleading here, dkt. 51. Because the second amended complaint is withdrawn and defendants' motion for summary judgment (currently being briefed) accurately reflects Mitchell's current claims, I'll deny defendants' motion as moot as well.

**II. Motion to Compel**

Mitchell has filed a motion to compel discovery. Dkt. 37. Mitchell vaguely objects to several of defendants' common responses to many of his requests, such as redacting information from a report about sexual assaults at Lincoln Hills, stating that defendants are still working on gathering documents, and citing attorney-client privilege. But Mitchell didn't give a detailed explanation of his problems with defendants' responses until his reply brief. Without defendants responding to the specific arguments raised by Mitchell, I cannot tell whether there is still a dispute over particular items. Most importantly, I cannot tell whether Mitchell has received the discovery that defendants said they were still working on compiling, and if Mitchell has received it, whether he still objects to anything.

Because there is a small amount of slack left in the schedule to accommodate summary judgment briefing before trial, I will order the following: defendants will have a short time to respond to the more detailed arguments made in Mitchell's reply brief, and to make clear whether they have sent Mitchell all of the documents he seeks. I will reserve a ruling on the motion to compel until receiving that response. I will extend Mitchell's deadline to respond to defendants' summary judgment motion.

2

**III. Objection to Expert Witness Deadline**

In a December 6, 2019 order, I partially granted Mitchell's motion to extend his December 2 deadline to disclose expert witnesses. Dkt. 39. Mitchell stated that he had been "attempting to locate a number of clinical psychologists who have pertinent information regarding the claims in the instant matter." I denied Mitchell's motion to extend his time to disclose liability experts because his claims do not require testimony from a psychologist to establish liability. *Id.* But I bifurcated the deadlines for liability and damages experts and gave Mitchell until April 20, 2020 to disclose damages experts. *Id.*

Mitchell objects to that order, stating that he wants to use psychologist testimony in the liability phase to rebut evidence about his criminal history that he believes defendants will use to damage his credibility. Mitchell says that his expert testimony will show that his past sex offenses were committed "for very specific reasons," that he has not committed any sexual offenses while in DOC custody and that the pattern of abuse at Lincoln Hills has affected him psychologically.

I will deem Mitchell's objection to be a motion for reconsideration of my order denying extension of the liability-phase expert deadline. Mitchell does not submit anything suggesting that he is any closer to finalizing his experts. And I'm not convinced that the proposed expert testimony will really get to the point that Mitchell makes about his credibility. I note that Judge Peterson generally allows opposing counsel to impeach a witness using this type of evidence by asking the witness about the number of felonies he has committed. They likely will not be allowed to delve deep into the nature of the crimes committed.

But even aside from these points, it is simply too late to amend this part of the schedule. Defendants have the right to know about the experts who Mitchell would use to support his case. I am denying Mitchell's motion for reconsideration. At summary judgment or trial, Mitchell remains free to provide his own testimony about the theories he raises above.

**ORDER**

It is ORDERED that:

(1) Plaintiff's motion to withdraw his proposed second amended complaint, dkt. 61, is GRANTED.

(2) Plaintiff's motion for extension of his deadline to file a reply brief in support of his proposed second amended complaint, dkt. 33, is DENIED as moot.

(3) Defendants' motion to amend the schedule, dkt. 49, is DENIED as moot.

(4) Defendants may have until March 2, 2020, to respond to plaintiff's reply in support of his motion to compel.

(5) Plaintiff's deadline to respond to defendants' motion for summary judgment is extended to March 26, 2020. Defendants' reply deadline is extended to April 6, 2020.

(6) Plaintiff's motion for reconsideration of the court's order denying an extension of the liability-phase expert deadline, dkt. 43, is DENIED.

Entered this 24th day of February, 2020.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge