IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAYD CHARLES MITCHELL,

                        Plaintiff,

v.

BRUCE MEYER,

                        Defendant.

OPINION and ORDER

18-cv-311-jdp

---

Plaintiff Shayd Charles Mitchell alleges that when he was detained at Lincoln Hills School, youth counselor Bruce Meyer sexually assaulted him several times, He also alleges that staff members enforced lax security regulations making the assaults possible and enforced other regulations violating his constitutional rights in various ways. I granted defendants' motion for summary judgment on all of Mitchell's claims except his sexual assault claims against Meyer. *See* Dkt. 78. After I issued that summary judgment opinion, the parties mediated the claims against Meyer. Although the parties did not settle the case at the mediation, Mitchell later called the court to say he accepted a settlement offer from Meyer. After Mitchell refused to sign the follow-up written settlement, Meyer filed a motion to enforce Mitchell's oral acceptance. I will deny that motion because the parties' agreement is not enforceable under Wisconsin law.

BACKGROUND

The following facts are drawn from the court's docket and the parties' sworn statements submitted in conjunction with defendant Meyer's motion to enforce settlement.

On February 23, 2021, the parties held a mediation by videoconference with Magistrate Judge Peter Oppeneer. Mitchell appeared pro se (he is now represented) and Meyer appeared by counsel. The parties exchanged various offers but no settlement was reached. Meyer's counsel relayed a "final offer" of $100,000 to settle the case, valid until March 12. On March 10, Mitchell called Judge Oppeneer and asked him what would happen if he accepted the final offer. Judge Oppeneer stated that he would relay the acceptance to Meyer, counsel would draft a settlement agreement, and the case would be dismissed after Mitchell signed the written agreement. Mitchell told Judge Oppeneer to tell opposing counsel that he accepted the offer. Mitchell says that he thought that there was not a binding agreement until he signed the written agreement. Judge Oppeneer called Meyer's counsel with the news that Mitchell had accepted the offer.

Defendant Meyer sent Mitchell a letter with two documents attached: a proposed "stipulation for dismissal" and a proposed "full settlement and release of all claims." Dkt. 90-1. Mitchell balked at the language in the release. He says that he was concerned that the agreement would bar him from ever filing another lawsuit against Department of Corrections personnel, even for misconduct occurring in the future. He did not sign the written agreement. Judge Oppeneer held a telephone conference with the parties, and Mitchell confirmed that he would not sign the written agreement. Meyer responded by filing a motion to enforce a settlement that he contends was reached when Mitchell called Judge Oppeneer to accept Meyer's final offer.

ANALYSIS

District courts have the authority to enforce settlement agreements in cases pending before them. *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995) ("[A] district court possesses the inherent or equitable power summarily to enforce an agreement to settle a case pending before it."). Because a settlement agreement is a contract between the parties to the litigation, its enforceability is governed by state contract law. *Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016). Under Wisconsin law, a valid settlement agreement requires an offer, an acceptance, and consideration all resulting from a meeting of the minds as to the essential terms of the agreement. *Am. Nat. Prop. & Cas. Co. v. Nersesian*, 2004 WI App 215, ¶ 16, 277 Wis. 2d 430, 441, 689 N.W.2d 922, 927. In addition, under Wisconsin law settlement agreements are enforceable only if they are (1) made in writing; or (2) made in court and entered in the minutes or recorded. Wis. Stat. § 807.05. This law is "in the nature of a statute of frauds." *In re Est. of Johnson*, 2006 WI App 19, ¶ 10, 289 Wis. 2d 100, 107, 709 N.W.2d 88, 92 (internal quotations omitted).

Meyer contends that there was a meeting of the minds with Mitchell, or alternatively that they reached a contract implied in fact under Wisconsin law. But it is not enough to argue general principles of contract law: Section 807.05 "is an exception to the general rule that oral agreements are binding." *Affordable Erecting, Inc. v. Neosho Trompler, Inc.*, 2005 WI App 189, ¶ 14, 286 Wis. 2d 403, 411, 703 N.W.2d 737, 741, *aff'd*, 2006 WI 67, 291 Wis. 2d 259, 715 N.W.2d 620.

In his brief in chief, Meyer does not directly discuss the requirements of § 807.05. He does compare this case to *Iliadis v. Four Lakes Educ., Inc.*, No. 19-cv-232-wmc, 2020 WL 429139 (W.D. Wis. Jan. 28, 2020), in which this court enforced a written settlement discussed by the

3

parties over email and approved by an attorney for the party who later tried to back out of it. But the contract in the *Iliadis* case met the requirements of § 807.05 because it was written and it had been "subscribed" by the party who sought to back out of it. 2020 WL 429139, at *4–5. That clearly is not the case here: the final offer made by Meyer at the mediation wasn't written, and Mitchell didn't approve the later written version of it.

Besides being made in writing, the other way a settlement agreement can be enforceable under § 807.05 is if it is "made in court or during a proceeding conducted under s. 807.13 ['Telephone and audiovisual proceedings' in civil cases] or 967.08 ['Telephone proceedings' in criminal cases] and entered in the minutes or recorded by the reporter." Section § 807.05. Meyer does not argue that the agreement here meets these requirements, and I conclude that it does not: the oral final offer was not memorialized in the court record and Mitchell orally accepted it in an ex parte phone call to Judge Oppeneer, not in a formal court proceeding as contemplated by the Wisconsin statutes mentioned in § 807.05.

In response to Meyer's motion to enforce settlement, Mitchell provides an affidavit recounting that he understood the terms of the final offer to be $100,000 for dismissal of the case and that he told Judge Oppeneer that he accepted the offer.[1] In his reply, Meyer notes that the "'primary purpose of the Statute of Frauds is evidentiary, to require reliable evidence of the existence and terms of the contract and to prevent enforcement through fraud or perjury of contracts never in fact made.'" Dkt. 97, at 2 (quoting multiple layers of Wisconsin cases, in turn quoting Restatement (Second) of Contracts sec. 131 comment c (1981)). Meyer contends

---

[1] Mitchell argues that neither side believed that there would be a binding contract until he signed a written copy including all the terms of the agreement, but I need not address this argument to resolve the motion.

that Mitchell's affidavit confirming the core provisions of the agreement provides sufficient evidence to satisfy the purpose of the statute of frauds or alternatively that the affidavit "removes this agreement from the purview of the statute of frauds." Dkt. 97, at 1–2. Either way, I take Meyer to be arguing that there isn't actually a dispute about the terms of the agreement, because Mitchell's affidavit is reliable evidence to prove that they agreed to dismiss the case for $100,000.

I agree that there isn't a dispute about whether Mitchell told Judge Oppeneer that he accepted the final offer. But I must interpret the explicit language of Wis. Stat § 807.05, not general principles regarding the purpose of the common-law statute of frauds. Meyer does not cite any Wisconsin authorities allowing a court to circumvent the § 807.05 requirements by accepting other evidence of the terms of an agreement. The limited authority my own research reveals is that a Wisconsin court would not accept Mitchell's affidavit as a substitute for the § 807.05 requirements. *See Marks v. Gohlke*, 149 Wis. 2d 750, 753, 439 N.W.2d 157, 158 (Ct. App. 1989) (Rejecting the use of trial testimony and language in a proposed judgment to ascertain the amount of a settlement, stating "agreements are made when they are made. . . . Belated explanations of the terms of that agreement . . . are merely attempts to circumvent [§ 807.05].")[2]

Meyer cites a federal court decision, *Gliniecki v. Borden, Inc.*, 444 F. Supp. 619, 621–22 (E.D. Wis. 1978) for the proposition that a court may enforce a settlement that does not

---

[2] The *Marks* court considered a proposed judgment authored about four and a half months after the date of the purported oral settlement agreement, but withheld considering "the effect of [§ 807.05] on an agreement evidenced by nearly contemporaneous written communications." *Marks v. Gohlke*, 149 Wis. 2d 750, 753 n.3, 439 N.W.2d 157, 158 n.3 (Ct. App. 1989). Mitchell's affidavit here was not "nearly contemporaneous" either: it was prepared about six weeks after the phone call in which Mitchell orally accepted Meyer's offer.

comply with § 807.05, either by applying Wisconsin law or by using the court's inherent power to enforce settlements under federal law. I'll reject the argument that this court could use its inherent authority to settle cases regardless of Wisconsin law; the *Gliniecki* court ultimately rested its decision on Wisconsin law, not the court's inherent power or other federal law, and later cases make clear that district courts must apply state law. *Beverly*, 817 F.3d at 333; *see also Lynch, Inc. v. SamataMason, Inc.*, 279 F.3d 487, 490 (7th Cir. 2002) ("The uncertainty we expressed . . . over whether state or federal law would govern a suit to enforce a settlement of a federal suit, has been dispelled; it is state law.").

It is true that in *Gliniecki*, the Eastern District concluded that it could enforce an oral agreement that did not comply with § 807.05, relying on *Krueger v. Herman Mut. Ins. Co.*, 30 Wis. 2d 31, 139 N.W.2d 592 (1966), in which the Wisconsin Supreme Court enforced an oral settlement agreement between the defendant and the plaintiff's attorney. *See Gliniecki*, 444 F. Supp. at 622. But in a later case, the Wisconsin Court of Appeals concluded that *Gliniecki's* approach was incorrect. In *Adelmeyer v. Wisconsin Electric Power Co.*, 135 Wis. 2d 367, 400 N.W.2d 473 (Ct. App. 1986), the court declined to follow *Gliniecki* because the *Krueger* case it had relied on was about an oral agreement that *predated* litigation between the parties, thus the agreement in *Krueger* was not subject to the forerunner statute to § 807.05 regarding stipulations in lawsuits. Instead, the *Adelmeyer* court followed other Wisconsin case law holding parties settling lawsuits to the explicit requirements of § 807.05. *Adelmeyer*, 400 N.W.2d at 474 (citing *American Cas. Co. v. Western Cas. & Surety Co.*, 19 Wis. 2d 176, 120 N.W.2d 86 (1963)). I will follow *Adelmeyer's* approach in concluding that the § 807.05 requirements must be followed. Those requirements were not met here.

Alternatively, defendant Meyer asks the court to dismiss the case under the doctrine of equitable estoppel. Under Wisconsin law, courts may uphold settlement agreements that fail to comply with § 807.05 by "employing the equitable remedy of estoppel in order to avoid an unjust result." *Affordable Erecting, Inc. v. Neosho Trompler, Inc.*, 2006 WI 67, ¶ 32, 291 Wis. 2d 259, 275, 715 N.W.2d 620, 628. The elements of equitable estoppel are: (1) action or non-action; (2) on the part of one against whom estoppel is asserted; (3) that induces reasonable reliance by the party seeking estoppel; (4) that is to the relying party's detriment. *Id.*, ¶ 33.

The parties agree that the first two elements are met. Meyer's counsel says that he relied on Mitchell's acceptance to stop preparing for trial. Mitchell says that this reliance was unreasonable because at no point was there an agreement that satisfied § 807.05. But even if I assume that counsel reasonably stopped preparing for trial, there was no detriment to Meyer.

The detriment to the party asserting estoppel must be "actual and material or substantial, and not merely technical or formal." *Nugent v. Slaght*, 2001 WI App 282, ¶ 31, 249 Wis. 2d 220, 239, 638 N.W.2d 594, 603 (internal quotation and citation omitted); *see also Weber v. Secura Ins.*, 2012 WI App 132, ¶ 29, 345 Wis. 2d 61, 823 N.W.2d 840 (unpublished opinion) ("A litigant must show more than that he or she suffered some hassle to establish detrimental reliance.").

Meyer says that he was harmed because he stopped developing the case for trial, he might now have to absorb significant costs in taking the case to trial, and any further efforts at settling the case would be hampered by Mitchell's actions as an unreliable negotiating party. None of these asserted detriments are material. Meyer is back in the same position as he was before the unsuccessful mediation. Stopping preparations for trial during the short period of

time that it had appeared that Mitchell would settle the case *saved* Meyer expenses, and there is no reason to think that it will be materially more costly to prepare for a trial now. While I understand Meyer's frustration at coming so close to settlement of this case, his contention that Mitchell's actions have poisoned the well for future settlement efforts isn't enough of a detriment for this court to dismiss the case on equitable estoppel grounds. I will deny Meyer's motion to enforce the settlement and the case will be set for a scheduling conference with Magistrate Judge Stephen Crocker so that a trial date and associated pretrial submission deadlines can be issued.

Despite the dispute over the parties' oral agreement, it still seems that additional settlement efforts might be effective, particularly given that Mitchell has now obtained counsel. I encourage the parties to consider additional mediation. All of Mitchell's pending motions will be denied without prejudice.

ORDER

IT IS ORDERED that:

1. Defendant Bruce Meyer's motion to enforce settlement, Dkt. 88, is DENIED.

2. The clerk of court is directed to set a scheduling conference with Magistrate Judge Stephen Crocker.

3. Plaintiff Shayd Charles Mitchell's pending motions are DENIED without prejudice.

Entered December 20, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge